| | |
|---|---|
| TIFFANY WHITSETT, ) | |
| ) | |
| *Plaintiff,* ) | |
| *v.* ) | No.1:07-cv-117 |
| ) | *Edgar / Lee* |
| CITY OF ETOWAH, MCMINN ) | |
| COUNTY, TENNESSEE, SCOTT ) | |
| ERWIN, individually and JOY PHILLIPS ) | |
| individually, JOHN DOE, an ) | |
| unidentified officer of the Etowah ) | |
| Police Department, ) | |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM AND ORDER**

The Plaintiff has moved for a certification of appeal pursuant to Federal Rule of Civil Procedure 54(b). [Court Doc. No. 55]. Trial in this action is currently scheduled to begin on March 9, 2009. The Plaintiff seeks to appeal this court's decision to dismiss defendant City of Etowah ("Etowah") on summary judgment. [Court Doc. No. 47]. Counsel for Plaintiff has informed the court that the remaining Defendants, McMinn County, Tennessee ("McMinn County") and Joy Phillips, do not oppose the motion. Defendant Scott Erwin has not responded to the motion.

The court has reviewed the arguments of the parties, the record and the applicable law and has determined that Plaintiff's motion will be **DENIED**.

**I. Background**

Plaintiff Tiffany Whitsett originally brought this civil rights action against Etowah, McMinn County, Scott Erwin, in his individual capacity, Joy Phillips, in her individual capacity,

and John Doe, an unidentified officer in the Etowah Police Department (collectively "Defendants"). Plaintiff claims that Defendants violated her Fourth and Fourteenth Amendment rights under the U.S. Constitution and brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff also brings claims against Officers Erwin and Phillips under state law for the tort of outrageous conduct. She further asserts that Officer Phillips committed an assault and battery against her in violation of Tenn. Code Ann. § 40-7-121. In addition, she brings a claim of intentional infliction of emotional distress against all Defendants. Plaintiff claims that, to the extent the individual officers' conduct was negligent, Etowah and McMinn County are liable for their actions.

Defendant Etowah moved for summary judgment dismissal of Plaintiff's claims against it. [Court Doc. No. 42]. This court dismissed with prejudice Plaintiff's claims for alleged violations of her Fourth and Fourteenth Amendment rights and dismissed without prejudice her state law claims against Etowah. [Court Doc. No. 47]. It is from this ruling that Plaintiff seeks to appeal.

Plaintiff's claims all revolve around a single incident relating to a traffic stop that occurred while Plaintiff was riding as a passenger. Plaintiff alleges that Defendant Joy Phillips conducted an invasive strip search on her during the course of that traffic stop. She further alleges that Defendant Scott Erwin, a former employee of the City of Etowah, was the police officer who originated the traffic stop.

**II.     Analysis**

Federal Rule of Civil Procedure 54(b) states:

When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are

involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Plaintiff asserts that because Defendant Scott Erwin has failed to comply with discovery, her "ability to pursue her claims against Erwin's employer, the City of Etowah, Tennessee, has been compromised." [Court Doc. No. 55]. Plaintiff urges this court to allow her to pursue a piecemeal appeal because otherwise she "faces the possibility of multiple litigations over the same issues" and asserts that a delay will "subject her to undo hardship and injustice" that would be avoided by immediate review of this court's dismissal of Etowah from the case. However, Plaintiff provides almost no legal support for her position. Nor does she explain how proceeding to trial in March will subject her to hardship and injustice. Plaintiff's opposition to Etowah's motion for summary judgment mentioned how Defendant Erwin's refusal to cooperate in discovery infringed upon her ability to gather evidence in opposition to Etowah's motion. However, Plaintiff has never explained how her inability to obtain discovery from a former police officer with Etowah complicated her ability to provide evidence via other employees that the city had a custom or policy of unconstitutional behavior or failed to train its employees.

As the Sixth Circuit has explained:

Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. Second, the district court must "express[ly] determin[e] that there is no just reason" to delay appellate review.

*General Acquisition, Inc. v. GenCorp Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) (citing WRIGHT,

-3-

MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2655 (1983 & Supp. 1993)). Further, "[b]y limiting interlocutory appeals under Rule 54(b) to 'infrequent harsh case[s],' courts can alleviate hardship resulting from unnecessary delay without undermining 'the historic federal policy against piecemeal appeals.'" *Id.* at 1027 (quoting *Rudd Const. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983) and *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980)).

The Sixth Circuit has supplied courts in this Circuit with a "nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination":

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*General Acquisition Inc.*, 23 F.3d at 1030 (quoting *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

Plaintiff makes no attempt to cite to the *Corrosioneering* factors in her motion for certification of appeal, nor does she attempt to argue why there is no just reason for delay in this particular case. This is a typical Section 1983 case, involving one discrete incident that allegedly occurred over the course of about half an hour. McMinn County is still a defendant in the case, and the legal issues involving this defendant are precisely the same as the legal issues pertaining to Etowah. Plaintiff fails to explain how a piecemeal appeal of Etowah's dismissal will serve the interests of judicial efficiency when there is a possibility that Plaintiff may be appealing an adverse judgment against her regarding her claims against McMinn County. If her appeal

-4-

against Etowah moves to the appellate court at this juncture, the Sixth Circuit may very well have to revisit all of the same issues following a trial against the other Defendants. This hardly constitutes "no just reason for delay." Moreover, if Plaintiff obtains a favorable jury verdict against McMinn County and any other remaining Defendants at trial, then such a verdict may diminish her resolution to appeal the dismissal of Etowah. Trial in this matter is scheduled to begin in a few weeks, and then, should she receive an adverse decision, Plaintiff's entire appeal will be ripe for review.

Although Plaintiff asserts that her case has been seriously hampered by Defendant Erwin's refusal to participate, she does not explain why she does not view a default judgment against him as a reasonable resolution to his recalcitrance. Nor does she explain how Erwin's lack of participation infringed upon her ability to resist Etowah's motion for summary judgment.

Because Plaintiff fails to supply any evidence of how an inability to make a piecemeal appeal will cause her undo hardship and injustice, this court will **DENY** her motion to certify an appeal pursuant to Fed. R. Civ. P. 54(b).

**ORDER**

For the reasons addressed *supra*, Plaintiff's motion to certify an appeal pursuant to Federal Rule of Civil Procedure 54(b) is **DENIED**. The trial scheduled to commence on March 9, 2009 will proceed as scheduled.

SO ORDERED.

ENTER this the 22nd day of January, 2009.

　　　　　　　　　　　　*/s/ R. Allan Edgar*
　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　UNITED STATES DISTRICT JUDGE